Johnny Earl EVANS, Plaintiff—
Appellant,

v.

EL DORADO HILL; et al.,
Defendants—Appellees.

No. 10–15228.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 25, 2011.*

Filed Nov. 1, 2011.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Johnny Earl Evans, Corcoran, CA, pro se.

Before: TROTT, GOULD, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Johnny Earl Evans, a California state prisoner, appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 action alleging denial of access to the courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000). We affirm.

The district court properly dismissed Evans's action because Evans's access-to-courts claim concerning his attempt to file a small claims court case failed to allege any actual injury as a result of his alleged inadequate access to the prison law library and legal research materials. *See Lewis v. Casey*, 518 U.S. 343, 349–51, 353 n. 3, 354–55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (prisoner must demonstrate that the alleged shortcomings in the prison's library or legal assistance program resulted in actual injury and hindered his efforts to pursue a non-frivolous legal claim challenging his sentence or conditions of confinement).

Because an amended complaint supersedes a previous complaint, Evans has waived any errors in the district court's dismissal of his original complaint for any claims not realleged in his operative complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir.1997).

**AFFIRMED.**

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).